MEMORANDUM **
Defendant-Appellant Kayo Oil Company (Kayo) appeals the district court’s denial of attorney fees following an award of summary judgment in favor of Kayo. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.
I. The District Court’s Order Granting Summary Judgment
We find the district court’s December 22, 2006 “Order Granting Defendants’ Motion for Summary Judgment” too ambiguous to permit us to rule on most of the issues appealed in this case. We therefore vacate the order and remand the case to the district court with instructions that it articulate a reasoned basis for its December 22, 2006 order, and provided a reasoned decision, based in the record, on whether the case is moot.
II. Attorney’s Fees Under 42 U.S.C. § 12205 and California State Law
Depending on the district court’s resolution of the mootness issue, it may consider Kayo’s motion for attorney’s fees. A district court has discretion to award attorney’s fees to a prevailing defendant “upon a finding that the plaintiffs action was frivolous, unreasonable, or without foundation.” Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir.1997) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (noting that defendant may be entitled to attorney’s fees even where the action was “not brought in subjective bad faith”)).
Depending on the district court’s resolution of the mootness issue, it may also consider Kayo’s motion for attorney’s fees under state law in light of our recent holding in Hubbard v. SoBreck, LLC, 531 F.3d 983 (9th Cir.2008).
III. Sanctions Against the Hubbards’ Counsel Under 28 U.S.C. § 1927
Section 1927 of United States Code Title 28 allows a court to charge an opponent’s costs and fees against “[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously.” 28 U.S.C. § 1927. The district court found that the Hubbards did not so multiply the proceedings, especially because they conceded during the summary judgment stage. The record does not demonstrate that the district court’s decision on this issue constituted an abuse of discretion.
IY. Sanctions Against Kayo or its Counsel
The Hubbards suggest that Kayo and its counsel deserve sanctions for their alleged “aspersions,” “unprofessional slurs,” and for misstating the record in this appeal. *517 The Hubbards’ suggestion is without merit, and we reject it.
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.